FILED '09 APR 28 14:16 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALONZO LONNIE THOMAS,

        Plaintiff,        Civil No. 08-6414-TC

        v.               FINDINGS AND
                             RECOMMENDATION

OREGON DEPARTMENT OF
VETERANS AFFAIRS,

        Defendants.

COFFIN, Magistrate Judge.

    The Oregon Department of Veterans Affairs ("ODVA") is a state agency which administers Veterans programs. Plaintiff is a Veteran who sought help from the ODVA in seeking benefits from the Federal Veterans Administration ("VA"). Plaintiff filed a complaint seeking money damages against the ODVA for

1 - FINDINGS AND RECOMMENDATION

alleged civil rights violation arising out of the process of seeking benefits from the VA. Defendant[1] now moves to dismiss (#5).

The United States Supreme Court has repeatedly stated that a state or its officials and agencies may not be sued by private individuals in federal court unless the state has unequivocally consented to that action, or Congress has unequivocally expressed its intent under the Fourteenth Amendment to waive the immunity of the States. See, eg., Quern v. Jordan, 440 U.S. 332 (1979); Edleman v. Jordan, 415 U.S. 651, 673 (1984); Pennhurst State School and Hospital v. Halderman, 465 U.S. 89 (1984). The Eleventh Amendment otherwise bars any such action regardless of the nature of the relief sought. Cory v. White, 457 U.S. 85 (1982); Brooks v. Sulphur Springs Valley Elec. Co-Op, 951 F.2d 1050, 1053 (9th Cir. 1991)["The Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature]. In addition, a states waiver of sovereign immunity in

---

[1]Although "Does One through Twenty" are named in plaintiff's complaint, no "doe" defendants have been identified or served with process. The Oregon Department of Veterans Affairs is the only defendant before the court.

2 - FINDINGS AND RECOMMENDATION

its own courts does not waive its Eleventh Amendment immunity in federal courts. Edleman v. Jordan, supra. Therefore, the enactment of the Oregon Tort Claims Act did not waive the State of Oregon's Eleventh Amendment immunity.

I take judicial notice that ODVA is an agency of the State of Oregon. See, ORS 406.005. Accordingly, plaintiff's claims are barred by the Eleventh Amendment. Defendant's Motion to Dismiss (#5) should be allowed. This action should be dismissed with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judges's

3 - FINDINGS AND RECOMMENDATION

recommendation.

DATED this 28 day of April, 2009.

/s/ Thomas M. Coffin
Thomas M. Coffin
United States Magistrate Judge

4 - FINDINGS AND RECOMMENDATION